**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **BILLY R. FLANIGAN,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| } | **CASE NO. 04-CV-2114** |
| } | |
| **ARRIBA LIMITED and** } | |
| **DAVID B. BLACK,** } | |
| } | |
| **Defendants** } | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR ATTORNEYS' FEES**

Pending before the Court is movant Petroleum Workers Union Of The Republic Of Mexico's (the "Union") motion for reconsideration of the denial of request for attorney's fees resulting from a remand in the above captioned case (Doc. 19). The parties have fully briefed the issues and on 06 June 2005 this Court held a hearing on the motion. For the reasons set forth below, the Court **ORDERS** that the motion is **GRANTED**. As a result of his grossly improper removal of this action, Plaintiff-Respondent Billy R. Flanigan ("Flanigan") is ordered to pay the Union attorneys' fees in the amount of $24,925.00.

**I.   FINDINGS OF FACT**

Having fully considered the Union's motion, the parties' arguments and the evidence submitted, the Court makes the following findings of fact:

1.   In May 2004 Flanigan, proceeding *pro se*, removed this action to federal court, asserting federal diversity jurisdiction.

2. In August 2004 this Court considered motions to remand the case to state court by Defendant Arriba Limited ("Arriba") and the Union. The Court granted those motions and remanded this action. Although the Court found Flanigan's removal to be highly improper, the Court denied Arriba's and the Union's requests for attorneys' fees in light of Flanigan's *pro se* status.

3. With respect to the highly improper nature of the removal, this Court specifically concluded the following:

> a) Only a defendant, and not a plaintiff, can remove an action from state to federal court. 28 U.S.C. § 1441(a). This proscription applies where, as here, the party seeking removal is proceeding as a plaintiff-intervenor in the underlying action. *See Baker v. National Blvd. Bank*, 399 F. Supp. 1021, 1023-25 (N.D. Ill. 1975).
>
> (b) By any and all accounts, Flanigan failed to file his notice of removal within 30 days of receiving documentary notice that the case was removable, making his removal untimely under 28 U.S.C. § 1446(b).
>
> (c) Diversity jurisdiction is lacking in this matter, as there are alien parties on both sides of the case: Arriba, the named plaintiff in the removed action, is a Bahamian corporation with a Bahamian receiver (*i.e.*, Gomez); and the Petroleum Worker's Union, the judgment debtor and real party in interest in the garnishment action, is a Mexican business organization. *See Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("the presence of aliens on two sides of a case destroys diversity jurisdiction").

*Order of 12 August 2004* (Doc. 17) at 1-2.

4. The underlying procedural history of this action demonstrates that Flanigan is a sophisticated businessman who has been deeply involved in this litigation since its inception over two decades ago. Specifically, the Court finds that Flanigan has repeatedly sought to use state and federal court action in Texas to circumvent the appointment of James Gomez ("Gomez") as receiver for Arriba. Gomez was duly

appointed to that position by the Bahamian Supreme Court. The state and federal courts in which Flanigan has repeatedly litigated the same futile issues have consistently denied his claims.

      5.    The Movant's attorneys' fees request is substantiated by adequate supporting documentation, including itemized statements showing the actual time expended and the rates at which the fees were computed as well as documentation concerning customary billing rates charged by attorneys in the Houston area.

      6.    The following three attorneys have been employed by the Union in connection with the removal and remand: (i) Mr. George Muñoz who has incurred 46.75 hours at the hourly rate of $450.00, (ii) Mr. Joseph Soliz who has incurred 21.5 hours at the hourly rate of $125 for a total of $2,687.50, and (iii) Mr. Frank Herrera who has incurred 3 hours at the hourly rate of $400 for a total of $1,200.00. This totals 71.25 hours of attorney time and a sum of $24,925.00, resulting in an average hourly rate of approximately $350.00.

      7.    The Court considered the following factors, and determined that no adjustments to the Movant's attorney's fees were determined by the Court to be necessary:

      a.    *Time and labor required*. The evidence provided supports that the work was necessary.

      b.    *Novelty and difficulty of the questions*. The underlying dispute between the parties in this case involved a protracted and convoluted procedural history that required utilization of senior attorneys. This consideration is reflected in the hourly billing rates of Movant's attorneys.

      c.    *Skill Requisite to perform the legal service properly*. The underlying dispute involves substantial sums of money, involves foreign parties, and has been ongoing for approximately 19 years in various forums. To properly and timely respond to the removal, Movant continued to use the highly skilled attorneys, experienced in complex litigation, that were handling

the underlying dispute in State District Court at the time of the removal. Additionally, all activities regarding the removal and remand required translation services and discussions in Spanish with the client regarding the actions of Flanigan and the consequences of such actions to the Movant and its long history of litigation regarding Flanigan. *Muñoz Affidavit*, paragraph 11. This consideration is reflected in the hourly rates of Movant's attorneys.

      d.   *Preclusion of other employment*. The Union's attorneys presented no evidence on this issue. Accordingly, this consideration does not serve to enhance the fees requested.

      e.   *Customary fee*. The billing rates of Movant's attorneys are well within the range of standard and customary fees in the Houston area.

      f.   *Whether the fee is fixed or contingent*. The Movant's attorney's fees were billed on an hourly basis.

      g.   *Time limitations imposed by the client or the circumstances*. The time deadlines in responding with remand motions to actions removed to federal court and the need for Movant's attorneys to translate in Spanish for the Movant required senior attorneys experienced in dealing with foreign clients.

      h.   *Amount involved and the results obtained*. Movant's successfully obtained a remand order in this case which now involves an amount of over $500,000,000.00, with interest.

      i.   *Experience, reputation, and ability of the attorneys*. Each of the three attorneys for Movant has substantial legal experience. Mr. Muñoz is a firm principal and has approximately 26 years of practicing legal experience. Mr. Soliz is a firm principal and has approximately 25 years of practicing legal experience. Mr. Herrera is a firm principal, has approximately 37 years of practicing legal experience and is Board Certified in Civil Trial Law by

the Texas Board of Legal Specialization. The experience, reputation and ability of the Movant's attorneys are reflected in their hourly billing rates.

        j.   *"Undesirability" of the case*. This factor is not applicable in this case.

        k.   *Nature and length of the professional relationship with the client*. Mr. Muñoz and Mr. Soliz have an ongoing relationship with the Movant that predated the attempted removal in this case by Flanigan. Mr. Herrera was retained as local counsel when the underlying case was improperly initially removed from State District Court in Harris County, Texas, to the Western District of Texas.

        l.   *Awards in similar cases*. No evidence has been submitted by the parties on this point.

## II.   CONCLUSIONS OF LAW

The Court further makes the following conclusions of law:

1.   *As this Court initially concluded in its order of remand, the removal of this action by Flanigan* was highly improper. The Court finds that Flanigan had no objectively reasonable basis for removing this action.

2.   Although Flanigan was proceeding *pro se* when he removed this action, the Court finds that under all of the circumstances in this case an award of attorneys' fees under 28 U.S.C. §1447(c) is nonetheless appropriate. *See LaChance v. Talmadge*, 273 F.3d 1108 (5th Cir. 2001) (affirming district court's award of attorneys' fees against *pro se* litigant who improperly removed action to federal court); *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (same, and specifically noting that the fact that "Mr. Johnson is a *pro se* litigant does not prevent the court from imposing sanctions.").

3. After considering the 12 factors listed in paragraph 7 of the Findings of Fact above, the Court has determined that the attorneys' fees requested by the Union are just and reasonable and no adjustment to the hourly billing rates or requested fees requested are necessary or appropriate. *See Johnson v. Georgia Highway Express, Inc,.* 488 F.2d 714 (5th Cir. 1974).

## III.  CONCLUSION & ORDER

For the foregoing reasons, the Union's motion for reconsideration is **GRANTED**. Plaintiff-Respondent Billy R. Flanigan is ordered to pay the Union attorneys' fees in the amount of $24,925.00.

**SIGNED** at Houston, Texas, this 14th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE